**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

NOV 2 2 2011

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

Judge Kapala

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 11 CR 50085 |
| vs. | ) Violations: Title 18, United |
| | ) States Code, Sections 1956(h), |
| OSIC BERNARD PUCKETT and | ) 1956(a)(1)(B), and 1957 |
| JACQUELINE INMAN, | ) |
|    also known as Jacqueline Kundinger | ) |

## COUNT ONE

The SEPTEMBER 2010 GRAND JURY charges:

1.    At times material herein:

    (a)    Defendant Osic Bernard Puckett and another individual ("Individual A") created and maintained a corporation that used the name No Salary Cap Records, Incorporated;

    (b)    Defendant Puckett created and maintained a limited liability corporation that used the name OBP LLC;

    (c)    Defendant Puckett created and maintained a business entity that used the name J. Osic Investments;

    (d)    Defendant Puckett created and maintained a business entity that used the name Fho Sho Productions; and

    (e)    A corporation ("Corporation A") owned and operated a restaurant located on the east side of Rockford, Illinois.

2. Beginning at least as early as January 1995, and continuing to on or about February 22, 2011 at Rockford and Loves Park in the Northern District of Illinois, Western Division, and elsewhere,

OSIC BERNARD PUCKETT and
JACQUELINE INMAN,
also known as Jacqueline Kundinger,

defendants herein, did knowingly combine, conspire and agree with each other and with other persons, known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956 and Section 1957, namely:

(a) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of a specified unlawful activity, that is the conspiracy to distribute and the distribution of controlled substances, marijuana and cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

(b) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of a specified unlawful

2

activity, namely the conspiracy to distribute and the distribution of controlled substances, marijuana and cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the transactions were designed in whole and in part to avoid a transaction reporting requirement under Federal or state law, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii); and

(c)     to knowingly engage and attempt to engage, in monetary transactions by, through or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, namely using United States currency to purchase cashier's checks issued by financial institutions, such property having been derived from a specified unlawful activity, that is the conspiracy to distribute and the distribution of controlled substances, marijuana and cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, in violation of Title 18, United States Code, Section 1957.

3.     It was the object of the conspiracy for the defendants to engage in business transactions with each other and various business entities owned or controlled by Osic Bernard Puckett which transactions involved the proceeds of a specified unlawful activity, with the intent to conceal the true nature of those proceeds and thereby promote the illegal drug trafficking activities of Osic Bernard Puckett.

4.     It was a part of the conspiracy that defendant Osic Bernard Puckett obtained, possessed and distributed large amounts of cocaine and marijuana to distribute throughout northern Illinois.

5.     It was further a part of the conspiracy that defendant Osic Bernard Puckett filed fraudulent Federal Income Tax Return Forms 1040 which substantially under reported his annual income.

6.     It was further a part of the conspiracy that defendants Osic Bernard Puckett and Jacqueline Inman fraudulently obtained mortgages from financial institutions by misrepresenting Puckett's sources of wealth and income in order to conceal and to attempt to conceal the true sources of his wealth and income.

7.     It was further a part of the conspiracy that on or about December 28, 2000, Osic Bernard Puckett obtained a mortgage loan from First Franklin Financial Corporation and provided approximately $16, 437.15 of illicit proceeds as part of the down payment for the real property located at 1517 Magnolia Street, Rockford, Illinois.

8.     It was further a part of the conspiracy that on or about December 23, 2001, OBP LLC obtained a mortgage loan from First Franklin Financial Corporation and provided approximately $38,700 of illicit proceeds as part of the down payment for the purchase of the real property located at 4209 Eastridge Drive, Rockford, Illinois.

9.     It was further a part of the conspiracy that on May 1, 2007, Osic Bernard Puckett obtained a mortgage loan from Freedom Mortgage and provided approximately

$104,779.18 of illicit proceeds as part of the down payment for the purchase of the real property located at 5380 Oak Hill Court, Rockford, Illinois.

10.     It was further a part of the conspiracy that on or about May 23, 2004, Osic Bernard Puckett entered into a sales contract with an individual ("Individual B") and provided approximately $61,165.77 of illicit proceeds as part of the down payment for the purchase of the real property located at 3221 Holiday Drive, Rockford, Illinois. Thereafter, defendant Puckett refinanced the purchase of the real property located at 3221 Holiday Drive, Rockford, Illinois on or about November 17, 2005, obtained a mortgage loan from German American State Bank and paid approximately $27,133.98 of illicit proceeds as part of refinancing the mortgage loan relating to the purchase of the real property located at 3221 Holiday Drive, Rockford, Illinois.

11.     It was further a part of the conspiracy that on or about March 27, 2006, J.Osic Investments paid approximately $67,796.49 of illicit proceeds for the  purchase of the real property located at 413 11th Street, Rockford, Illinois.

12.     It was further a part of the conspiracy that an individual ("Individual C") obtained a mortgage loan from Alpine Bank and Trust and paid approximately $31,828.98 of illicit proceeds as down payment for the purchase of the real property located at 7482 Thomas Drive, Loves Park  Illinois.

13. It was further a part of the conspiracy that defendant Osic Bernard Puckett paid for modifications and improvements on a 1996 Chevrolet Impala with the proceeds from a specified unlawful activity.

14. It was further a part of the conspiracy that defendant Osic Bernard Puckett paid for modifications and improvements on a 2009 Dodge Challenger with the proceeds from a specified unlawful activity.

15. It was further a part of the conspiracy that defendant Osic Bernard Puckett paid for modifications and improvements on a 1965 Chevrolet Impala with the proceeds from a specified unlawful activity.

16. It was further a part of the conspiracy that OBP LLC purchased an economic or ownership interest in Corporation A with the proceeds from a specified unlawful activity.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT TWO

The SEPTEMBER 2010 GRAND JURY further charges that:

1.     Sub-paragraphs 1(a) through 1(e) of Count One of this Indictment are re-alleged and incorporated herein as if fully set forth.

2.     On or about June 30, 2010, at Pecatonica in the Northern District of Illinois, Western Division,

OSIC BERNARD PUCKETT,

defendant herein, knowingly engaged and attempted to engage in a monetary transaction by, through, or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is defendant caused to be issued a $33,378.77 cashier's check, number 81872, and made payable to German American State Bank, such property having been derived from a specified unlawful activity, namely the conspiracy to distribute and the distribution of controlled substances, marijuana and cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846;

All in violation of Title 18, United States Code, Section 1957(a).

7

## COUNT THREE

The SEPTEMBER 2010 GRAND JURY further charges that:

1.    Sub-paragraphs 1(a) through 1(e) of Count One of this Indictment are re-alleged and incorporated herein as if fully set forth.

2.    On or about January 29, 2009, at Rockford in the Northern District of Illinois, Western Division,

OSIC BERNARD PUCKETT and
JACQUELINE INMAN,
also known as Jacqueline Kundinger,

defendants herein, knowingly engaged and attempted to engage in a monetary transaction by, through, or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is defendant caused to be issued by Blackhawk State Bank a $40,000 cashier's check, number 3012015, and made payable to Osic Puckett, such property having been derived from a specified unlawful activity, namely the conspiracy to distribute and the distribution of controlled substances, marijuana and cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846;

All in violation of Title 18, United States Code, Section 1957(a).

8

## COUNT FOUR

The SEPTEMBER 2010 GRAND JURY further charges that:

1.      Sub-paragraphs 1(a) through 1(e) of Count One of this Indictment are re-alleged and incorporated herein as if fully set forth.

2.      On or about January 29, 2009, at Rockford in the Northern District of Illinois, Western Division,

OSIC BERNARD PUCKETT and
JACQUELINE INMAN,
also known as Jacqueline Kundinger,

defendants herein, knowingly engaged and attempted to engage in a monetary transaction by, through, or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is defendant caused to be issued by Blackhawk State Bank a $30,000 cashier's check, number 3012016 and made payable to Osic Puckett, such property having been derived from a specified unlawful activity, namely the conspiracy to distribute and the distribution of controlled substances, marijuana and cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846;

All in violation of Title 18, United States Code, Section 1957(a).

## COUNT FIVE

The SEPTEMBER 2010 GRAND JURY further charges that:

1.     Sub-paragraphs 1(a) through 1(e) of Count One of this Indictment are re-alleged and incorporated herein as if fully set forth.

2.     On or about January 29, 2009, at Rockford in the Northern District of Illinois, Western Division,

OSIC BERNARD PUCKETT and
JACQUELINE INMAN,
also known as Jacqueline Kundinger,

defendants herein, knowingly engaged and attempted to engage in a monetary transaction by, through, or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is defendant caused to be issued by Blackhawk State Bank a $30,000 cashier's check, number 3012017, and made payable to No Salary Cap Records, such property having been derived from a specified unlawful activity, namely the conspiracy to distribute and the distribution of controlled substances, marijuana and cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846;

All in violation of Title 18, United States Code, Section 1957(a).

## COUNT SIX

The SEPTEMBER 2010 GRAND JURY further charges that:

1.      Sub-paragraphs 1(a) through 1(e) of Count One of this Indictment are re-alleged and incorporated herein as if fully set forth.

2.      On or about February 6, 2009, at Rockford in the Northern District of Illinois, Western Division,

### OSIC BERNARD PUCKETT,

defendant herein, knowingly engaged and attempted to engage in a monetary transaction by, through, or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is defendant caused to be issued by National City Bank a $110,000 cashier's check, number 697648124, and made payable to Corporation A with the remittor identified as OBP LLC, such property having been derived from a specified unlawful activity, namely the conspiracy to distribute and the distribution of controlled substances, marijuana and cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846;

All in violation of Title 18, United States Code, Section 1957(a).

## COUNT SEVEN

The SEPTEMBER 2010 GRAND JURY further charges that:

1.     Sub-paragraphs 1(a) through 1(e) of Count One of this Indictment are re-alleged and incorporated herein as if fully set forth.

2.     On or about April 17, 2009, at Rockford in the Northern District of Illinois, Western Division,

OSIC BERNARD PUCKETT,

defendant herein, knowingly engaged and attempted to engage in a monetary transaction by, through, or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is defendant caused to be issued by National City Bank a $76,000 cashier's check, number 697764002, and made payable to Corporation A with the remittor identified as OBP LLC, such property having been derived from a specified unlawful activity, namely the conspiracy to distribute and the distribution of controlled substances, marijuana and cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846;

All in violation of Title 18, United States Code, Section 1957(a).

## COUNT EIGHT

The SEPTEMBER 2010 GRAND JURY further charges that:

1.     Sub-paragraphs 1(a) through 1(e) of Count One of this Indictment are re-alleged and incorporated herein as if fully set forth.

2.     On or about April 17, 2009, at Rockford in the Northern District of Illinois, Western Division,

### OSIC BERNARD PUCKETT,

defendant herein, knowingly engaged and attempted to engage in a monetary transaction by, through, or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is defendant caused to be issued by US Bank a $50,000 cashier's check, number 9451500882, and made payable to Corporation A with the remittor identified as OBP LLC, such property having been derived from a specified unlawful activity, namely the conspiracy to distribute and the distribution of controlled substances, marijuana and cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846;

All in violation of Title 18, United States Code, Section 1957(a).

## COUNT NINE

The SEPTEMBER 2010 GRAND JURY further charges that:

1.    Sub-paragraphs 1(a) through 1(e) of Count One of this Indictment are re-alleged and incorporated herein as if fully set forth.

2.    On or about April 28, 2009, at Rockford in the Northern District of Illinois, Western Division,

### OSIC BERNARD PUCKETT,

defendant herein, knowingly engaged and attempted to engage in a monetary transaction by, through, or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is defendant caused to be issued by National City Bank a $14,000 cashier's check, number 697764045, and made payable to Corporation A with the remittor identified as OBP LLC, such property having been derived from a specified unlawful activity, namely the conspiracy to distribute and the distribution of controlled substances, marijuana and cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846;

All in violation of Title 18, United States Code, Section 1957(a).

## **COUNT TEN**

The SEPTEMBER 2010 GRAND JURY further charges that:

Beginning at least as early as November 14, 2008, and continuing to on or about January 26, 2009 at Rockford and Loves Park, in the Northern District of Illinois, Western Division, and elsewhere,

### OSIC BERNARD PUCKETT,

defendant herein, did knowingly conduct and cause to be conducted a financial transaction affecting interstate commerce involving the payment of approximately $20,519 in United States currency in exchange for improvements and modifications made to a vehicle, a 2009 Dodge Challenger with vehicle identification number 2B3LJ54T99H526696, which defendant knew represented the proceeds of some form of specified unlawful activity, namely the conspiracy to distribute and the distribution of controlled substances, marijuana and cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, defendant knowing that such financial transaction was designed in whole or in part to conceal the nature, location, source, ownership, and control of the proceeds of that specified unlawful activity and to avoid a transaction reporting requirement under state or federal law;

In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and (ii).

## COUNT ELEVEN

The SEPTEMBER 2010 GRAND JURY further charges that:

Beginning at least as early as January 1, 2007, and continuing to on or about July 29, 2009 at Belvidere in the Northern District of Illinois, Western Division, and elsewhere,

### OSIC BERNARD PUCKETT,

defendant herein, did knowingly conduct and cause to be conducted a financial transaction affecting interstate commerce involving the payment of approximately $20,000 in United States currency in exchange for improvements and modifications made to a vehicle, a 1965 Chevrolet Impala with vehicle identification number 166675F244913, which defendant knew represented the proceeds of some form of specified unlawful activity, namely the conspiracy to distribute and the distribution of controlled substances, marijuana and cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, defendant knowing that such financial transaction was designed in whole or in part to conceal the nature, location, source, ownership, and control of the proceeds of that specified unlawful activity and to avoid a transaction reporting requirement under state or federal law;

In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and (ii).

## COUNT TWELVE

The SEPTEMBER 2010 GRAND JURY further charges that:

Beginning at least as early as September 28, 2007, and continuing to on or about February 19, 2008 at Rockford in the Northern District of Illinois, Western Division, and elsewhere,

### OSIC BERNARD PUCKETT,

defendant herein, did knowingly conduct and cause to be conducted a financial transaction affecting interstate commerce involving the payment of approximately $24,700 in United States currency in exchange for improvements and modifications made to a vehicle, a 1996 Chevrolet Impala with vehicle identification number 1G1BL52POTR169788, which defendant knew represented the proceeds of some form of specified unlawful activity, namely the conspiracy to distribute and the distribution of controlled substances, marijuana and cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, defendant knowing that such financial transaction was designed in whole or in part to conceal the nature, location, source, ownership, and control of the proceeds of that specified unlawful activity and to avoid a transaction reporting requirement under state or federal law;

In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and (ii).

## FORFEITURE ALLEGATION

The SEPTEMBER 2010 GRAND JURY further charges:

1.     The allegations contained in Count 1 of this Indictment are hereby repeated,

realleged, and incorporated by reference herein as though fully set forth at length for purpose

of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section

981(a)(1)(C) and Title 28, United States Code, Section 2461.

2.     As a result of their violation of Title 18, United States Code, Section 1956, as

alleged in the foregoing Indictment,

OSIC BERNARD PUCKETT and
JACQUELINE INMAN,
also known as Jacqueline Kundinger,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code,

Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all right,

title and interest in property, real and personal, which constitutes and is derived from

proceeds traceable to the charged offense, an amount not less than $1,000,000.

3.     The interests of the defendants jointly and severally subject to forfeiture

pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States

Code, Section 2461(c) include but are not limited to:

   a)     $21,130.00 cash seized during a traffic stop in Rockford, Illinois on or
          about April 19, 2010;

   b)     a 1996 Chevrolet Impala with vehicle identification number
          1G1BL52POTR169788;

18

    c)     a 1965 Chevrolet Impala with vehicle identification number 166675F244913;

    d)     a 2009 Dodge Challenger with vehicle identification number 2B3LJ54T99H526696;

    e)     a 6% economic or ownership interest in Corporation A;

    f)     the real property located at 413 11th Street, Rockford, Illinois;

    g)     the real property located 7482 Thomas Drive, Loves Park, Illinois;

    h)     the real property located 5380 Oak Hill Court, Rockford, Illinois; and

    i)     the real property located at 3221 Holiday Drive, Rockford, Illinois

4.     If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendants:

    a)     Cannot be located upon the exercise of due diligence;

    b)     Has been transferred or sold to, or deposited with, a third party;

    c)     Has been placed beyond the jurisdiction of the court;

    d)     Has been substantially diminished in value; or

    e)     Has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), including but not limited to $1,000,000 in United States Currency.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY